RICHARD RAYMOND THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 9762-81.
United States Tax Court
T.C. Memo 1982-566; 1982 Tax Ct. Memo LEXIS 179; 44 T.C.M. (CCH) 1261; T.C.M. (RIA) 82566; September 28, 1982. *179 Held: Petitioner's weekly payments of $35.00 to his former wife for two years were not for support nor contingent on death, remarriage, or change in economic circumstances of either spouse. Thus, they may not be treated as periodic within the meaning of section 71 and hence are not deductible under section 215. Richard Raymond Thomas, pro se. Grant A. Wolfe, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1977 and 1978 in the respective amounts of $544.00 and $704.00. The only issue for decision is whether payments made by petitioner to his former wife are deductible as alimony pursuant to section 215. [1]
FINDINGS OF FACT This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulated facts and exhibits are incorporated herein by this reference. Petitioner Richard Thomas (Richard) resided in Cleveland Heights, Ohio, when he filed his petition herein. He timely filed Federal income tax returns for *180 1977 and 1978 with the Internal Revenue Service Center, Cincinnati, Ohio. Petitioner and Janet Sue Thomas (Janet) were married on June 10, 1967. Richard and Janet were divorced on March 4, 1977, pursuant to a judgment entry of the Court of Common Pleas, Cuyahoga County, Ohio. The Court found and ordered in pertinent part: The Court further finds that in making its determination as to alimony in its findings it considered all the relevant factors enumerated in R.C. 3105.18 (B) including: (1) The plaintiff is not employed and has not been employed since minor child was born. Defendant is employed with The East Ohio Gas Company and since 1971 his gross income has been as follows: 1971
$15,459.11
1972
$16,590.00
1973
$19,498.39
1974
$20,746.71
1975
$22,511.00
1976
(As of August 31, 1976) $16,420.00
(2) The Court considered the ages, and the physical and emotional conditions of the parties. (3) Retirement benefits of Defendant were considered including his general trust, alternate thrift trust and his vested pension. * * * (4) The parties did not have any expectancies or inheritances. (5) The parties were married June 10, 1967 and the Court considered the length of marriage. (6) Custody of child *181 was awarded to father which was considered by the Court in determining alimony. (7) The Court considered the parties standard of living during the marriage. (8) Defendant, Father has a M.A. in Business Administration from Case Western Reserve University and a B.S.A.E. in Electrical Engineering from Fenn College. (9) Assets and liabilities of parties were considered. (10) The Court considered property brought to the marriage by both parties. (11) The Court considered the contribution of the Plaintiff as a homemaker. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff be and she is hereby granted a Divorce from the Defendant and that the marriage contract heretofore existing between the parties be and is hereby dissolved and set aside. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant is granted custody, care and control of the minor child, Vicltor, age 6, until further order of Court. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court further finds that the marital home located at 3780 North Hampton, Cleveland Heights, Ohio is to be sold and the net proceeds divided between the Plaintiff and Defendant. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that *182 the undeveloped lots located on Monarch Road, South Euclid, Ohio are to be sold and the net proceeds divided between Plaintiff and Defendant. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 1972 Dodge automobile is awarded to the Defendant. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the household goods are awarded to the Defendant; Plaintiff to remove her personal property from the marital home. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall retain his holdings in his pension and trust accounts with The East Ohio Company. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall pay to the Plaintiff for Attorney Fees as and for alimony $1,500.00. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall pay to the Plaintiff as and for alimony $35.00 per week for two (2) years. In 1977 and 1978, pursuant to the divorce decree, petitioner made 104 weekly payments of $35.00 each to Janet for alimony. [2] On his Federal income tax returns for each of those years petitioner claimed the amount of $1,820 as an alimony deduction. In his notice of deficiency dated February 13, 1981, respondent disallowed the claimed deductions for *183 alimony in 1977 and 1978. OPINION Section 215 [3] allows a divorced husband to deduct payments he makes to his wife during the taxable year which are includible in her gross income under section 71. [4] *185 Under section 71(a) the former wife's gross income includes periodic payments received from her former spouse in discharge of a legal obligation which the divorce decree imposes on the taxpayer because of the marital or family relationship. Section 71(c)(1) provides that installment payments generally will not be treated as periodic if they are made to discharge an obligation the principal sum of which is specified in the divorce decree. [5] *186 Under section 71(c)(2) if such payments of a principal amount must be made for more than 10 years, they will nonetheless be deemed periodic. Section 1.71-1(d)(3)(i), Income Tax Regs., creates two additional exceptions to the general rule. That section *184 provides that when payments of a fixed, principal sum are to be made over a period ending 10 years or less from the date of the decree, they will nonetheless be deemed periodic if two additional conditions are satisfied: (1) the payments are subject to at least one of the contingencies of the death of either spouse, remarriage of the wife, or change in economic circumstances of either spouse, and (2) the payments are "in the nature of alimony or * * * support." [6] *187 The regulation permits the deduction only if both conditions are met. Petitioner contends that the weekly payments were periodic and not part of the division of marital property. He concedes that no contingencies are set forth in the decree but maintains that they are imposed by local law. He also argues that the court intended that the payments be used for Janet's support. Respondent takes the position that the weekly payments to Janet were installment payments rather than periodic. He argues that they formed a part of the property settlement and were not in discharge of an obligation of support. Further, he asserts that the payments are not subject to the contingencies set forth in section 1.71-1(d)(3), and thus are nondeductible. This Court has long held the view that it matters not whether *188 the total sum payable is specified in the decree or it is necessary to multiply the payments by the stated frequency with which they are to occur to determine the principal sum set forth in the decree. Kent v. Commissioner,61 T.C. 133, 136 (1973). At best, the difference between the two techniques is strictly formal. Estate of Orsatti v. Commissioner,12 T.C. 188 (1949). The decree herein provides for a weekly payment of $35.00 for two years. Assuming arguendo that the payments are not subject to the contingencies of the death of either spouse, Janet's remarriage, or a change in economic circumstances of either spouse, the principal sum specified in the decree may be determined by simple multiplication. Such installment payments should be readily distinguishable from payments of a sum of money at fixed intervals over an indefinite period of time. The latter are deemed periodic payments. See section 71(a). Smith's Estate v. Commissioner,208 F.2d 349 (3rd Cir. 1953), affg. and revg. in part a Memorandum Opinion of this Court. [7] We conclude that a principal sum has been specified in the decree herein within the meaning of section 71(c)(1). Crouser v. Commissioner,73 T.C. 1113, 1117 (1980), *189 affd. 668 F.2d 339 (6th Cir. 1981), and cases cited therein. Even if the payments are installment payments of a principal sum, they may still be treated as periodic payments under section 71(c)(2) if the principal sum "is to be paid or may be paid over a period ending more than 10 years from the date of" the divorce decree. Here the decree clearly limits the weekly payments to two years.It does not provide for any contingencies the occurrence of which would lengthen the payout period. We conclude that the payments do not qualify under section 71(c)(2) for periodic payment treatment. Petitioner argues in the alternative that even if the payments are determined to be installment payments, they nevertheless qualify under the exception set forth in section 1.71-1(d)(3)(i), Income Tax Regs., and, thus, should be treated as periodic payments. Although nothing in the decree expressly provides for the contingencies of death, remarriage, or change in economic circumstances, petitioner argues nonetheless that they are implied under local law. The regulations, however, establish two distinct criteria-- such contingencies must appear in the decree or be imposed by *190 local law. As petitioner admits, the decree does not satisfy the first criterion. Whether the payments meet the second requirement depends largely on whether, under Ohio law, the decree embodies a property settlement or an award for support and maintenance. Crouser v. Commissioner,668 F.2d 339 (6th Cir. 1981), affg. 73 T.C. 1113 (1980); Wolfe v. Wolfe,46 Ohio St. 2d 399, 350 N.E.2d 413 (1976). In the Wolfe case, the question was whether the Ohio court could terminate the former husband's obligation to pay his former wife $35,000 per year "for her support and maintenance." In examining the basis upon which alimony is awarded in Ohio, the Supreme Court of Ohio concluded that even though there is a merger of a separation agreement into a decree, "the decree is still not subject to modification if the alimony award is not solely for support but is in settlement of the property rights of the parties" [350 N.E.2d at 425]. We believe that the Ohio courts would view the dispositive provisions of the decree herein as a property settlement. The court ordered the marital home and certain undeveloped lots to be sold and the proceeds divided between the spouses.The court awarded the family *191 automobile to petitioner as well as the household goods with the exception of personal property owned by Janet. Petitioner was awarded his pension account. Finally, he was ordered to pay Janet's attorneys' fees plus a lump sum of $3,640 payable weekly for a period of two years. Although we do not know the market values of the automobile, pension account, and household goods, we think it clear that the decree provides for a division of marital assets and liabilities which is not subject to modification under Ohio law. Wolfe v. Wolfe,supra;Crouser v. Commissioner,73 T.C. at 1119. Thus, we conclude that the decree does not embody a support award which may be modified for reasons of death, remarriage, or change in economic circumstances. [8] *192 Accordingly, the payments may not be treated as periodic because they have failed the first of the Regulation's two conjunctive requirements. [9] Accordingly, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue.↩
2. He did not deduct as alimony any amounts he paid for Janet's attorneys' fees, and thus such sums are not in issue herein. However, we note that such payments are more similar to a property settlement than to the discharge of a continuing support obligation. Martin v. Commissioner,73 T.C. 255↩ (1979).
3. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) GENERAL RULE.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * * ↩
4. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. 5. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (c) PRINCIPAL SUM PAID IN INSTALLMENTS.-- (1) GENERAL RULE.--For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. (2) WHERE PERIOD FOR PAYMENT IS MORE THAN 10 YEARS.--If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)), the installment payments shall be treated as periodic paymets for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received. 6. SEC. 1.71-1(d) [Income Tax Regs.]. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS; INCOME TO WIFE OR FORMER WIFE. (3)(i) Where payments under a decree, instrument, or agreement are to be paid over a period ending 10 years or less from the date of such decree, instrument, or agreement, such payments are not installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, instrument, or agreement (and are considered periodic payments for the purposes of section 71(a)) only if such payments meet the following two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. (ii) Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71(a) regardless of whether-- (a) The contingencies described in subdivision (i)(a) are set forth in the terms of the decree, instrument, or agreement, or are imposed by local law, or (b) The aggregate amount of the payments to be made in the absence of the occurrence of the contingencies described in subdivision (i)(a) of this subparagraph is explicitly stated in the decree, instrument, or agreement or may be calculated from the face of the decree, instrument, or agreement, or (c) The total amount which will be paid may be calculated actuarially.↩
7. Dated November 28, 1952.↩
8. In his reply brief, petitioner argues that the court intended the weekly payments to serve as support while Janet established herself in a new career. Intent is a question of fact to be determined from an analysis of all of the evidence. Duberstein v. Commissioner,363 U.S. 278 (1960). Although the Court of Common Pleas denominated the payments as "alimony," we are not bound by the characterization of payments by the divorce court in the decree. Gammill v. Commissioner,73 T.C. 921, 926 (1980), on appeal (10th Cir., June 3, 1980); Mirsky v. Commissioner,56 T.C. 664 (1971). Whether or not a payment is made for support must be determined from the facts in each case. Martin v. Commissioner,73 T.C. 255, 262 (1970); Miller v. Commissioner,T.C. Memo. 1981-15↩.Without more evidence than petitioner's self-serving statement on brief, we are unable to conclude that the court intended the payments to be applied towards Janet's support rather than as part of the property settlement.
9. For the reasons discussed herein, the payments also fail the second requirement of section 1.71-1(d)(3)(i), Income Tax Regs.↩, that they be in the nature of support or maintenance.